UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE ROCKET FUEL INC.
SECURITIES LITIGATION

Case No. 14-cv-03998-PJH

**ORDER GRANTING ADMINISTRATIVE MOTION TO CORRECT THE CASE MANAGEMENT ORDER**

Re: Dkt. No. 172

Before the court is defendants' administrative motion to correct a date in the court's Case Management and Pretrial Order ("the CMO"). Dkt. 172. The motion concerns a discrepancy regarding the deadline for amendment of the pleadings. The court held a case management conference in this matter on March 31, 2016. At the hearing, the court adopted a September 5, 2016 deadline for amendment of the pleadings, which was agreed to by the parties on the record, and was reflected in the subsequent minutes order. See Dkt. 145 (the "Minutes Order"); Dkt. 148 at 7 (hearing transcript). The court ordered the parties to meet and confer regarding the dates for dispositive motions, final pretrial conference, and trial.

On May 25, 2016, the parties filed a stipulation regarding the dates for dispositive motions, pretrial conference, and trial, which the court approved. Dkt. 151. On May 31, the court entered the CMO reflecting these dates. See Dkt 152. In the "Last Day to Amend Pleadings" section, the CMO gives the deadline as "no later than 90 days before fact discovery cutoff." Id. Because the fact discovery cutoff is August 2, 2017, the deadline for amendment of the pleadings as stated in the CMO would be May 4, 2017.

Defendants' motion seeks to correct the CMO to conform to the court's ruling at the case management conference and in the Minutes Order that the deadline for amending the pleadings was September 5, 2016. Defendants aver that they did not

notice the discrepancy until plaintiffs recently announced their intention to move for leave to amend the complaint.

The later deadline stated in the CMO was an inadvertent oversight, a fact that should have been clear to the parties. The different deadline stated in the CMO was likely a result of the two-month-long delay between the case management conference and entry of the CMO, due to a meet-and-confer process regarding other scheduling matters. Regardless, plaintiffs agreed to the September 5, 2016 deadline for amendment, and if counsel was confused by the CMO it was incumbent upon them to seek clarification with the court earlier. The court therefore GRANTS defendants' motion to correct the CMO and hereby clarifies that September 5, 2016—the date suggested by the parties and adopted by the court at the case management conference—was the deadline for amendment of the pleadings.

Although plaintiffs complain that this ruling would "preclude" them from seeking amendment, this is not the case. Plaintiffs may still file a motion for leave to amend the complaint if they believe that materials uncovered in discovery or other reasons justify amendment. However, as they seek leave to amend after a court-ordered deadline, Rule 16's "good cause" standard—instead of Rule 15(a)'s standard—will apply to any such motion. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).

Defendants' motion is GRANTED. Defendants are admonished that reply briefs are not permitted by the rule governing administrative motions. See Civil L.R. 7-11.

**IT IS SO ORDERED.**

Dated: December 7, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge