1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10                                   OAKLAND DIVISION

11  In re ROCKET FUEL INC. SECURITIES          )   CASE NO.: 4:14-cv-03998-PJH-JCS
    LITIGATION                                 )
12                                             )   **CONSOLIDATED CLASS ACTION**
                                               )
13                                             )   [PROPOSED] ORDER
                                               )   PRELIMINARILY APPROVING
14                                             )   SETTLEMENT AND PROVIDING
                                               )   FOR NOTICE
15                                             )
                                               )   EXHIBIT A
16  _____)
    This Document Relates To:                  )
17  ALL ACTIONS                                )
    _____)
18

19

20

21

22

23

24

25

26

27

28

WHEREAS, an action is pending before this Court entitled *In re Rocket Fuel Inc. Securities Litigation*, No. 4:14-cv-03998-PJH (JCS) (the "Action");

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the Settlement of this Action, in accordance with a Stipulation and Agreement of Settlement dated April 25, 2017 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Stipulation and does hereby preliminarily approve the Settlement embodied therein, subject to further consideration at the Settlement Hearing described below.

2. This Action is certified for settlement purposes only as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of a class consisting of all Persons who purchased or otherwise acquired Rocket Fuel common stock between September 20, 2013 to August 5, 2014, inclusive, and were damaged thereby, excluding anyone named as a defendant in this action including the Company, Individual Defendants, Director Defendants, Underwriter Defendants; their respective former and current directors and officers, majority-owned legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, and any successors-in-interest; members of the immediate family of any defendant; any entity in which any defendant has a majority interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class Pursuant to the Notice of Pendency and Proposed Settlement of Class Action.

3. The Court has determined preliminarily and for the purpose of settlement that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of

law and fact common to the Class that, as to the settlement of this Action in accordance with the Stipulation, and all related matters, predominate over any individual questions; (c) the claims or defenses of Lead Plaintiffs are typical of the claims or defenses of the Class; and (d) Lead Plaintiffs will fairly and adequately protect the interests of the Class. The Court further preliminarily finds that the questions of law or fact common to Class Members predominate over any questions affecting individual members, including but not limited to whether Defendants made false or misleading statements in violation of federal securities laws, whether any Defendant acted with scienter, and whether the alleged false or misleading statements caused economic damage to the Class. The Court also preliminarily finds that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

4. A hearing (the "Settlement Hearing") shall be held before this Court on October 11, 2017, at 9:00 a.m., at the United States District Court for the Northern District of California, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, CA 94612, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; whether a Judgment as provided in ¶1.15 of the Stipulation should be entered; whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; to determine the amount of fees and expenses that should be awarded to Lead Counsel; and to determine the amount of expenses to be awarded to Lead Plaintiffs. The Court may adjourn the Settlement Hearing without further notice to the Class Members.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice annexed hereto as Exhibits A-1, A-2, and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-8 and ¶10 of this Order meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act

of 1995 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6.    The firm of A.B. Data, Ltd. ("Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below.

7.    Not later than June 14, 2017 (the "Notice Date"), the Claims Administrator shall commence mailing the Notice and Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort, and shall post on its website at www.rocketfuelsecuritieslitigation.com.

8.    Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice to be published once in the national edition of *Investor's Business Daily* and once over a national newswire service.

9.    At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

10.    Nominees who purchased Rocket Fuel common stock for the beneficial ownership of Class Members during the Class Period shall send the Notice and the Proof of Claim to all such beneficial owners of Rocket Fuel common stock within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners.  Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such expenses.

11.    All Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Class.

12.     Class Members who wish to participate in the Settlement shall complete and submit Proof of Claim and Release forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim and Release forms must be postmarked or submitted electronically no later than one hundred-twenty (120) days from the Notice Date.  Any Class Member who does not timely submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

13.     Any Class Member may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice.  If they do not enter an appearance, they will be represented by Lead Counsel.

14.     Any Person falling within the definition of the Class may, upon request, be excluded or "opt out" from the Class.  Any such Person must submit to the Claims Administrator a request for exclusion ("Request for Exclusion"), postmarked no later than September 12, 2017 [ninety (90) calendar days after the Notice Date].  A Request for Exclusion must:  (a) state the name, address, and telephone number of the Person(s) requesting exclusion; (b) identify the Person's purchases (or acquisitions) and sales of Rocket Fuel common stock made during the Class Period, including the dates of purchase, acquisition or sale, prices paid or received, and the number of shares of common stock purchased and/or sold; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Class.  All Persons who submit valid and timely Requests for Exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.

[PROPOSED] REVISED ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE TO CLASS
CASE NO.: 4:14-CV-03998-PJH (JCS)

-4-

15. Lead Counsel shall cause to be provided to Defendants' counsel copies of all Requests for Exclusion, and any written revocation of Requests for Exclusion, as expeditiously as possible and in any event not less than fourteen (14) days prior to the Settlement Hearing.

16. Any Class Member may move and/or appear at the Settlement Hearing to show cause why the proposed Settlement of the Action should or should not be approved as fair, reasonable, and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, why attorneys' fees and expenses should or should not be awarded to Lead Counsel, or why the expenses of Lead Plaintiffs should or should not be awarded. Any written objections must be delivered by hand or sent by First-Class Mail postmarked, on or before September 12, 2017 [ninety (90) calendar days after the Notice Date], to the Œffice Œf the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612. Any Class Member who does not make his, her or its objection in writing in the manner provided or in person at the Settlement Hearing shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Plaintiffs' Counsel or expenses of Lead Plaintiffs, unless otherwise ordered by the Court.

17. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18. All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses or by Lead Plaintiffs for their expenses shall be filed and served by August 28, 2017 [seventy-five (75) calendar days after the Notice Date]. Replies to any objections shall be filed and served by September 27, 2017 [one hundred-five (105) calendar days after the Notice Date].

[PROPOSED] REVISED ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE TO CLASS
CASE NO.: 4:14-CV-03998-PJH (JCS)

-5-

19. Neither the Released Persons nor Defendants' insurers shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Plaintiffs' Counsel or Lead Plaintiffs, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

21. All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Lead Plaintiffs nor Plaintiffs' Counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶3.8 or 3.9 of the Stipulation.

22. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Defendants of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind, nor construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiffs or any Class Members have suffered any damages, harm, or loss.

23. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

24. If the Stipulation and the Settlement set forth therein is not approved or consummated or the Effective Date as provided in the Stipulation fails to occur for any reason whatsoever, then this Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the

[Proposed] Revised Order Preliminarily
Approving Settlement and Providing for
Notice to Class
Case No.: 4:14-CV-03998-PJH (JCS)

-6-

Stipulation and all proceedings had in connection therewith shall be without prejudice to the rights of the Settling Parties *status quo ante*.

25. Pending final determination of whether the proposed Settlement should be approved, neither the Lead Plaintiffs nor any Class Member, directly or indirectly, representatively, or in any other capacity, shall commence or prosecute against any of the Defendants, the Director Defendants, or the Underwriter Defendants, any action or proceeding in any court or tribunal asserting any of the Released Claims.

**IT IS SO ORDERED.**

DATED:  June 5, 2017

_____
THE HONORABLE ~~PHYLLIS J.~~ HAMILTON
CHIEF UNITED STATES DISTRICT JUDGE

**INDEX OF EXHIBITS TO ORDER PRELIMINARILY APPROVING SETTLEMENT**

**AND PROVIDING FOR NOTICE**

| DOCUMENT | EXHIBIT | PAGE |
|---|---|---|
| Notice of Pendency and Proposed Settlement of Class Action | A-1 | |
| Proof of Claim and Release | A-2 | |
| Summary Notice | A-3 | |

[PROPOSED] REVISED ORDER PRELIMINARILY
APPROVING SETTLEMENT AND PROVIDING FOR
NOTICE TO CLASS
CASE NO.: 4:14-CV-03998-PJH (JCS)

-8-

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re ROCKET FUEL INC. SECURITIES LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | CASE NO.: 4:14-cv-03998-PJH-JCS |
| | | **<u>CONSOLIDATED CLASS ACTION</u>** |
| | | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| | | EXHIBIT A-1 |
| This Document Relates To: ALL ACTIONS | ) ) ) | |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

**IF YOU PURCHASED OR OTHERWISE ACQUIRED THE COMMON STOCK OF ROCKET FUEL INC. ("ROCKET FUEL" OR THE "COMPANY") FROM SEPTEMBER 20, 2013 THROUGH AUGUST 5, 2014, INCLUSIVE, YOUR RIGHTS ARE AFFECTED AND YOU COULD RECEIVE A PAYMENT FROM THE PROPOSED CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this notice. This is not a solicitation from a lawyer. This is <u>not</u> a notice that you have been sued.*

- This settlement (the "Settlement") will provide $3,150,000 in cash, plus interest, to pay claims from investors who (i) purchased or otherwise acquired Rocket Fuel common stock from September 20, 2013 through August 5, 2014, inclusive (the "Class Period"), and were damaged thereby. Depending on the number of eligible shares purchased by investors who elect to participate in the Settlement, and when those shares were purchased and sold, the average distribution is estimated to be $0.15 per damaged share before deduction of Court-approved fees and expenses described below. A further description of the Plan of Allocation is on pages _____ to _____ below.[1]

- The Settlement, subject to court approval, resolves class action claims alleging that Rocket Fuel, certain of its current and former officers and directors, and the underwriters of Rocket Fuel's initial public offering and secondary public offering violated the federal securities laws by making false or misleading statements regarding Rocket Fuel's ability to detect and combat ad fraud, and regarding Rocket Fuel's business prospects. For Lead Plaintiffs, the principal reason for the Settlement is the benefit to be provided to the Class now, while avoiding the costs and risks to you and the Class from continuing with litigation. The Lead Plaintiffs conducted a substantial investigation and discovery into the facts of the case prior to reaching the Settlement, and considered the risks of proving liability and damages, in addition to the further risk that a later judgment may not be as large as the Settlement amount. For Defendants, the principal reason for the Settlement is to eliminate the expense, risks, and uncertainty of continued litigation.

- If the Settlement is approved by the Court, the Court-appointed lawyers for Class Members, Kaplan Fox & Kilsheimer LLP and Kahn Swick & Foti, LLC, will apply to the Court for an award of attorneys' fees, which amounts to approximately $787,500.00, or 25% percent of the Settlement Fund, and for reimbursement of expenses not to exceed $232,000.00 incurred in investigating the facts, prosecuting the case, and negotiating the Settlement. In addition, Lead Plaintiffs may seek reimbursement in an amount not to exceed $10,000.00 for reasonable costs and expenses in connection with their representation of the Class. These payments, if approved, will come out of the $3.15 million Settlement Fund, and are estimated to be an average of $0.05 per damaged share.

- Lead Plaintiffs and the Defendants do not agree on the average amount of damages per share that would be recoverable if the Lead Plaintiffs were to have prevailed on each claim alleged. The issues on which the parties disagree include: (1) whether the Defendants violated the federal securities laws; (2) whether the alleged federal securities laws violations actually caused any damage to investors; and (3) whether the allegedly false or misleading statements and omissions caused the price of Rocket Fuel's common

---

[1] Capitalized terms that are not defined in this Notice are defined in the Stipulation and Agreement of Settlement, which is available at www.rocketfuelsecuritieslitigation.com.

stock to be artificially inflated during the Class Period, and if so, the amount by which Rocket Fuel's common stock was allegedly artificially inflated (if at all) during the Class Period.

- If you are a Class Member (as the term is defined below), your legal rights are affected by the Settlement, regardless of whether you act or do not act. Read this notice carefully.

- If you have questions about the proposed Settlement, or would like further information about the lawsuit, you may contact Lead Counsel at:

> Ramzi Abadou
> KAHN SWICK & FOTI, LLP
> 912 Cole Street, #251
> San Francisco, CA 94117
> (504) 455-1400
>
> Laurence D. King
> Mario M. Choi
> KAPLAN FOX & KILSHEIMER LLP
> 350 Sansome Street, Suite 400
> San Francisco, CA 94104
> (415) 772-4700

- You can also visit the following website, which has information specifically about the Settlement, including the Stipulation and Agreement of Settlement, forms, and key dates: www.rocketfuelsecuritieslitigation.com. You can obtain additional documents via the Court's PACER website at https://ecf.cand.uscourts.gov/cgi-bin/login.pl, or in person by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:

**SUBMIT A CLAIM FORM:** The only way to possibly receive a payment from the Settlement.

> **Deadline: _____, 2017.**

**EXCLUDE YOURSELF:** You get no payment from the Settlement. This is the only option that might allow you to bring an individual lawsuit against the defendants asserting the legal claims being released in this case, if you have a valid and timely claim.

> **Deadline: _____, 2017.**

**OBJECT:** You may write to the Court if you do not like this Settlement, the Plan of Allocation, and/or the Fee and Expense Award requested by Lead Plaintiffs and Lead Counsel.

> **Deadline: _____, 2017.**

**GO TO A HEARING:** You may ask to speak in Court about the fairness of the Settlement.

> **Hearing Date: _____, 2017.**

**DO NOTHING:** You get no payment and give up your rights relating to the claims described in this Notice.

- These rights and options *and the deadlines to exercise them* are explained in this Notice.

- The Court in charge of the lawsuit must decide whether to approve the Settlement. If approved, payments will be made to claimants from the Settlement Fund on the Effective Date, *i.e.*, after the Court approves the Settlement and enters judgment, and after all appeals and subsequent proceedings (if any) are resolved.

# WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................................**Page**

1. Why did I get this Notice package? ....................................................................
2. What is this lawsuit about? ................................................................................
3. What is a class action? ......................................................................................
4. Why is there a Settlement?................................................................................

**WHO IS INCLUDED IN THE SETTLEMENT?**

5. How do I know if I am a Class Member? ...........................................................
6. Are there any exceptions to being included as a Class Member?........................
7. I am still not sure if I'm included.......................................................................

**THE SETTLEMENT BENEFITS**

8. What does the Settlement provide?....................................................................
9. How much will my payment be? ........................................................................
10. How can I get a payment?..................................................................................
11. When will I receive my payment? .....................................................................
12. What am I giving up to get a payment or stay in the Class?...............................

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

13. How do I exclude myself from the Settlement?..................................................
14. If I don't exclude myself, can I sue defendants for the same things later?..........
15. If I exclude myself, can I get money from this Settlement? ...............................

**THE LAWYERS REPRESENTING YOU**

16. Do I have a lawyer in this case?.........................................................................
17. How will the lawyers be paid?...........................................................................

**THE COURT'S SETTLEMENT HEARING**

18. When and where will the Court decide whether to approve the Settlement? ......
19. Do I have to come to the hearing? .....................................................................

**OBJECTING TO THE SETTLEMENT**

20. How do I tell the Court that I do not like the Settlement? .................................
21. What's the difference between objecting and excluding?...................................

**IF YOU DO NOTHING**

22.     What happens if I do nothing at all? ...................................................................................

**OBTAINING MORE INFORMATION**

23.     Are there more details about the Settlement? .......................................................................

**SPECIAL NOTICE TO NOMINEES**

24.     Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees ...........................

**UNDERSTANDING YOUR PAYMENT – THE PLAN OF ALLOCATION** .........................

| **1.** | **Why did I get this Notice package?** |
|---|---|

You or someone in your family may have purchased Rocket Fuel common stock during the Class Period.

The Court caused this Notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the Settlement, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, a claims administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. It is not an expression of any opinion by the Court with respect to the truth of the allegations of the litigation or the merits of the claims or defenses asserted.

The Court in charge of the lawsuit is the United States District Court for the Northern District of California, and the case is known as *In re Rocket Fuel Inc. Securities Litigation*, Case No. 4:14-cv-03998-PJH-JCS. The Honorable Phyllis J. Hamilton is the Judge in charge of this class action.

| **2.** | **What is this lawsuit about?** |
|---|---|

The lawsuit is a class action alleging violations of the federal securities laws by Rocket Fuel, certain of its current and former senior officers, certain of its current and former directors, and the underwriters of its initial public offering in September 2013 and its secondary public offering in January 2014. The people who are suing are Patrick Browder, Browder Capital, LLC, and the Oklahoma Firefighters Pension and Retirement System. These people are called the Lead Plaintiffs and are suing on behalf of other similarly situated investors who purchased Rocket Fuel common stock during the Class Period.

This litigation began in September 2014, when two class action complaints were filed against Rocket Fuel, George H. John, Richard Frankel, J. Peter Bardwick (the "Defendants"); Susan L. Bostrom, Ronald E.F. Codd, William Ericson, John Gardner, Clark Kokich, and Monte Zweben (the "Director Defendants"); and the underwriters of Rocket Fuel's initial public offering and its secondary public offering, which were: Credit Suisse Securities (USA) LLC, Citigroup Global Markets Inc., Needham & Company, LLC, Oppenheimer & Co., Inc., Piper Jaffray & Co., BMO Capital Markets Corp., LUMA Securities LLC, and Goldman, Sachs & Co. (the "Underwriter Defendants"). On December 15, 2014, the court consolidated the two actions as *In re Rocket Fuel Inc. Securities Litigation* (the "Action"); appointed Patrick Browder, Browder Capital, LLC, and the Oklahoma Firefighters Pension and Retirement System as Lead Plaintiffs; and approved

Lead Plaintiffs' choice of the law firms Kaplan Fox & Kilsheimer LLP and Kahn Swick & Foti, LLC as Lead Counsel. George H. John, Richard Frankel, J. Peter Bardwick are collectively called the "Individual Defendants." When the word "Defendants" is capitalized in this Notice, it means Rocket Fuel and the Individual Defendants.

On February 27, 2015, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"). Plaintiffs alleged that during the Class Period, the defendants made false and misleading statements regarding Rocket Fuel's ability to detect and combat ad fraud and its future business prospects. Lead Plaintiffs also alleged that the defendants made materially false and misleading statements in the registration statements and prospectuses for Rocket Fuel's initial public offering in September 2013 and its secondary public offering in January 2014. Lead Plaintiffs alleged that the materially false and misleading statements artificially inflated the price of Rocket Fuel common stock, and that the price of Rocket Fuel's common stock fell when the truth was partially revealed on May 8, 2014, and fell further when the truth was fully revealed on August 5, 2014, thus damaging the members of the Class. Lead Plaintiffs alleged that Rocket Fuel and the Individual Defendants each violated Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act"), that the Individual Defendants also violated Section 20(a) of the Exchange Act as "control persons," and that the Individual Defendants violated Section 20A of the Exchange Act by selling Rocket Fuel stock while allegedly in possession of material non-public information. Lead Plaintiffs also alleged that Rocket Fuel, the Individual Defendants, the Director Defendants, and the Underwriter Defendants violated Sections 11 and 12(a)(2) of the Securities Act of 1933 ("Securities Act") by making false or misleading statements in the registration statements and prospectuses for Rocket Fuel's public stock offerings, and that the Individual Defendants and Director Defendants violated Section 15 of the Securities Act as "control persons."

In April 2015, the defendants filed motions to dismiss the Complaint. In December 2015, the Court granted in part and denied in part the motions to dismiss. The Court dismissed all claims under the Securities Act, all claims against the Director Defendants, and all claims against the Underwriter Defendants. The Court allowed certain Exchange Act claims against Rocket Fuel and the Individual Defendants to go forward. Specifically, the Court allowed Lead Plaintiffs to proceed on their claims that (i) the Defendants each violated Section 10(b) and Rule 10b-5 of the Exchange Act by making a false or misleading statement on Rocket Fuel's web site regarding Rocket Fuel's ability to detect and combat ad fraud, (ii) the Individual Defendants violated Section 20(a) of the Exchange Act as "control persons," and (iii) the Individual Defendants violated Section 20A of the Exchange Act by selling Rocket Fuel stock while allegedly in possession of material non-public information.

The Defendants deny Lead Plaintiffs' allegations and claims. The Defendants assert, among other things, that they did not violate any federal securities laws and that Rocket Fuel's investors were not damaged.

The proposed Settlement would resolve all claims against Rocket Fuel, the Individual Defendants, the Director Defendants, and the Underwriter Defendants.

---

**3. What is a class action?**

---

In a class action, the Lead Plaintiffs sue on behalf of numerous persons who have similar claims. The Lead Plaintiffs act as the representative of the class of similarly situated persons. All persons with similar claims constitute a Class, and each one is a Class Member. The Court will resolve the claims of all Class Members, except for those who properly exclude themselves from the Class.

## 4. Why is there a Settlement?

The proposed Settlement is the result of arm's-length negotiations, including a full day mediation in November 2016 under the auspices of an experienced mediator. The Settlement allows Lead Plaintiffs and the Class to avoid the possibility that one or more of their claims would be rejected by the Court or the jury, and also avoids the risks and costs of a trial and possible appeals. Class Members who, in accordance with the Plan of Allocation, lost money will get some compensation.

Lead Counsel has investigated and litigated the claims since September 2014. At the time the Settlement was reached, Lead Counsel also had the benefit of a substantial amount of fact discovery provided by defendants, as well as several non-parties. Lead Counsel has reviewed nearly 150,000 pages of documents. Lead Counsel also retained an experienced financial expert to assist them.

If Lead Plaintiffs proceeded to trial, they faced the risk that the Defendants would prevail on the defenses they asserted and that Lead Plaintiffs would not win on any of the claims. Even if Lead Plaintiffs had won at trial, they may not get any more money than the $3.15 million that Rocket Fuel has agreed to pay in the Settlement, and the Defendants would also be able to challenge the judgment through appeals.

As a result, and based upon their factual investigation, discovery conducted to date, consultation with experts and evaluation of the claims of the Class Members and defenses that Defendants asserted, Lead Plaintiffs and Lead Counsel believe that the Settlement is fair, reasonable and adequate, and in the best interests of the Class. The Settlement provides an immediate and certain recovery without incurring any additional risk. By settling, Lead Plaintiffs and the Class avoid the cost, uncertainty, and delay of continued litigation.

The Defendants believe the Settlement is fair because it allows the Defendants to avoid the cost and distraction of continued litigation and the risk of losing at trial or on appeal.

# WHO IS INCLUDED IN THE SETTLEMENT

## 5. How do I know if I am a Class Member?

Everyone who fits the following description is a Class Member:

> All Persons who purchased or otherwise acquired Rocket Fuel common stock between September 20, 2013 to August 5, 2014, inclusive, and were damaged thereby, excluding anyone named as a defendant in this action including the Company, Individual Defendants, Director Defendants, Underwriter Defendants; their respective former and current directors and officers, majority-owned legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, and any successors-in-interest; members of the immediate family of any defendant; any entity in which any defendant has a majority interest.

> Also excluded are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

"Person" means any natural person, individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association,

government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

| **6.** | **Are there any exceptions to being included as a Class Member?** |
|---|---|

Yes. As mentioned in the description above, you are **not** a Class Member if **any** of the following applies to you:

- You do not meet the definition of the Class above.
- You exclude yourself from the Class.
- You are a Defendant, Director Defendant, or Underwriter Defendant.
- You are an officer and/or director of Rocket Fuel.
- You are a member of the immediate family or an heir, successor or assign of the foregoing.
- You are a firm, trust, corporation, or other entity in which any Defendant, Director Defendant, or Underwriter Defendant has a controlling interest.

| **7.** | **I'm still not sure whether I'm included.** |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator at **866-905-8102** or you can fill out the claim form described in question 10, to see if you qualify. You can also contact Lead Counsel at the following address:

Ramzi Abadou
KAHN SWICK & FOTI, LLP
912 Cole Street, #251
San Francisco, CA 94117
(504) 455-1400

Laurence D. King
Mario M. Choi
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
(415) 772-4700

# THE SETTLEMENT BENEFITS

| **8.** | **What does the Settlement provide?** |
|---|---|

$3.15 million was paid on Rocket Fuel's behalf into an escrow account that is earning interest for the benefit of the Class. The balance of this fund, after payment of Court-approved attorneys' fees and expenses, taxes, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, will be divided among all Class Members who submit valid claim forms (also called Authorized Claimants). The amount of money you will receive depends on a number of factors, including the total

number of other Class Members who submit valid Proof of Claim and Release forms. This is discussed further in the next question below.

| 9. | How much will my payment be? |
| --- | --- |

The Settlement Fund of $3.15 million, plus interest earned, minus the costs and expenses described in question 8 above, will be distributed on a pro rata basis to Authorized Claimants. If you are entitled to a payment, you will receive your pro rata share. The amount of your share of the Settlement Fund will depend on the number of valid and timely Proof of Claim and Release forms that Class Members send in, how many shares of Rocket Fuel common stock you bought or acquired during the Class Period, and when you bought and sold those shares. You should look at the Plan of Allocation section of this notice that appears on pages _____ to _____ below for a description of the calculations to be made in computing the claims of the Authorized Claimants, that is, those investors who submit valid and timely Proof of Claim and Release forms establishing that they are Class Members.

Depending on the number of Authorized Claimants, and the number of eligible shares purchased by Authorized Claimants and when those shares were purchased and sold, the average distribution is estimated to be $0.15 per damaged share before deduction of the costs and Court-approved payments described under question 8 above.

Lead Counsel, without further notice to the Class, will apply to the Court for payment of the Claims Administrator's fees and expenses incurred in sending this Notice, administering the Settlement and distributing the Settlement proceeds to the Authorized Claimants. These fees and expenses will be paid from the Settlement Fund and will reduce the amount available for distribution to Authorized Claimants. The same will be true of Court-awarded attorneys' fees and expenses to Lead Counsel. Lead Counsel's request for attorneys' fees and costs is discussed further at question 17 below.

| 10. | How can I get a payment? |
| --- | --- |

To qualify for payment, you must timely send in a Proof of Claim and Release form that is received by the Claims Administrator. A Proof of Claim and Release form is attached to this Notice. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, 2017. Unless the Court orders otherwise, if you do not timely submit a Proof of Claim and Release, you will be barred from receiving any payments from the Net Settlement Fund, but will in all other respects be bound by the Final Judgment in the case.

| 11. | When will I receive my payment? |
| --- | --- |

The Court will hold a hearing on _____, 2017, to decide whether to approve the Settlement (as discussed below on pages __ to __). If the Court approves the Settlement, there may be appeals. If there are any appeals, it is uncertain when these appeals will be resolved, and resolving them can take time, typically more than a year. The Claims Administrator will also need time to process the submitted claims before any distribution can be

made to Authorized Claimants. The claim administration process is complicated and will take many months, even when there is no delay due to an appeal. Please be patient.

---

| **12.** | **What am I giving up to get a payment and stay in the Class?** |

If you are a member of the Class, unless you exclude yourself, you will give up and release any claims you might have against the Released Persons relating to any of the claims brought by Lead Plaintiffs, as described more fully below. It also means that all of the Court's orders will apply to you and legally bind you. This will be true even if you do not submit or sign a Proof of Claim and Release form, unless you exclude yourself from the Class.

If the proposed Settlement is approved, the Court will enter a Final Judgment and Order of Dismissal with Prejudice. The Judgment will dismiss the Released Claims with prejudice as to all Released Persons. The Judgment will provide that all Class Members shall be deemed to have released and forever discharged all Released Claims against all Released Persons and that the Released Persons shall be deemed to have released and discharged all Class Members and counsel to the Lead Plaintiffs from all claims arising out of the prosecution and settlement of the Action or the Released Claims.

"Released Claims" means any and all claims, demands, rights, causes of action or liabilities of every nature and description whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liabilities whatsoever), whether based on federal, state, local, foreign, statutory or common law or any other law, rule, ordinance, administrative provision or regulation, including Unknown Claims as defined below, whether class or individual in nature, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, concealed or hidden, suspected or unsuspected, which now exist or heretofore have existed, that were asserted or could have been asserted by Lead Plaintiffs or any Class Member against the Released Persons based on, arising from or relating to both: (i) the purchase, acquisition, holding, disposition, or sale of any shares of Rocket Fuel common stock during the Class Period; and (ii) the allegations, transactions, facts, matters, events, disclosures, registration statements, public filings, acts, occurrences, representations, statements, omissions or failures to act that occurred during the Class Period and that were or could have been alleged by Lead Plaintiffs in the Action against the Released Persons. Released Claims does not include claims to enforce the Settlement or any derivative actions.

"Released Persons" means each and all of the Defendants, Individual Defendants, Director Defendants, and Underwriter Defendants, and each and all of their Related Persons.

"Related Persons" means each of the Released Persons' and their legal affiliates' past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, attorneys, accountants, auditors, investment advisors, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Released Person has a controlling interest, any members of an Individual Defendant's or Director Defendant's immediate family, any trust of which an Individual Defendant or Director Defendant is the settlor or which is for the benefit of an Individual Defendant or Director Defendant and/or any member of an Individual Defendant's or Director Defendant's immediate family, and any entity in which a Defendant and/or any member of an Individual Defendant's or Director Defendant's immediate family has or have a controlling interest (directly or indirectly).

"Unknown Claims" means collectively any Released Claims which Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the

Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement or seek exclusion from the Class. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiffs shall expressly waive and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any foreign country, or any principle of common law, which is similar, comparable or equivalent in substance to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but upon the Effective Date, each Class Member, and Lead Plaintiffs expressly, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to be bound by the Judgment or recover money from the Settlement Fund, and instead want to keep any claims you may have and any right you may have to sue the defendants on your own about the legal issues in this case, then you must take steps to get out. This is called excluding yourself from – or opting out of – the Class.

Please note that there is a separate confidential supplemental agreement between Lead Plaintiffs and Rocket Fuel (the "Supplemental Agreement"). If, as specified in the Supplemental Agreement, the number of shares of Rocket Fuel common stock purchased or acquired during the Class Period by Class Members, but who request exclusion from the Settlement Class, exceeds the threshold(s) specified in the Supplemental Agreement, Rocket Fuel will have the option to terminate this Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| 13. | How do I exclude myself from the Settlement? |
|-----|----------------------------------------------|

If you do not wish to be included in the Class and you do not wish to participate in the proposed Settlement described in this Notice, you may request to be excluded. To do so, you must submit a written request for exclusion that must be received on or before _____, 2017 and must: (a) state the name, address, and telephone number of the Person(s) requesting exclusion;

(b) identify the Person's purchases (or acquisitions) and sales of Rocket Fuel common stock made during the Class Period, including the dates of purchase, acquisition or sale, prices paid or received, and the number of shares of common stock purchased and/or sold; (c) include the Person's signature; and (d) state that the Person wishes to be excluded from the Class. No request will be considered valid unless all of the information described above is included in the request. The request must be addressed as follows:

Rocket Fuel Securities Litigation
c/o A.B. Data, Ltd.
Exclusions
P.O. Box 173001
Milwaukee, WI 53217

You cannot exclude yourself by phone or by e-mail.

**If you ask to be excluded from the Class, you will not get any settlement payment.** If you exclude yourself, you will not be legally bound by anything that happens in this lawsuit. You might be able to sue (or continue to sue) Rocket Fuel and the other defendants in the future about the claims in this lawsuit, but your claims may not be timely, valid, or you may not prevail on the merits.

| **14.** | **If I don't exclude myself, can I sue the defendants for the same things later?** |
|---|---|

No. Unless you exclude yourself, you give up any right to sue any of the defendants about the claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from *this* Class to continue or file any lawsuit alleging the same claims as are alleged herein. Remember, the exclusion deadline is _____, **2017.** *See also Question No. 12:* "What am I giving up to get a payment or stay in the Class?"

| **15.** | **If I exclude myself, can I get money from this Settlement?** |
|---|---|

**NO.** If you exclude yourself, you will not be entitled to receive any money from the Settlement Fund. If you exclude yourself, do not send in a Proof of Claim and Release form to ask for any money.

# THE LAWYERS REPRESENTING YOU

| **16.** | **Do I have a lawyer in this case?** |
|---|---|

The Court appointed the law firms of Kaplan Fox & Kilsheimer LLP and Kahn Swick & Foti, LLC to represent you and the other Class Members. These law firms are called Lead Counsel. You will not be individually charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

You can send any questions to Lead Counsel at:

Ramzi Abadou
KAHN SWICK & FOTI, LLP
912 Cole Street, #251
San Francisco, CA 94117
(504) 455-1400

Laurence D. King
Mario M. Choi
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, CA 94104
(415) 772-4700

or to the Claims Administrator at: Rocket Fuel Securities Litigation, c/o A.B. Data, Ltd., P.O. Box 173033, Milwaukee, WI 53217.

| 17. | How will the lawyers be paid? |
|-----|-------------------------------|

Lead Counsel will apply to the Court for attorneys' fees of $787,500.00 and for reimbursement of their out-of-pocket expenses not to exceed $232,000.00. In addition, Lead Plaintiffs may seek reimbursement in an amount not to exceed $10,000.00 for reasonable costs and expenses (including lost wages) in connection with their representation of the Class in accordance with 15 U.S.C. § 78u-4(a)(4). These payments, if approved, will reduce the amount to be divided among all Authorized Claimants by approximately $0.05 per damaged share. *Such sums as may be approved by the Court will be paid from the Settlement Fund.* Class Members are <u>not</u> personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. To date, Lead Counsel have not been paid anything for their services for conducting this litigation on behalf of the Lead Plaintiffs and the Class nor for their substantial out-of-pocket expenses. The Court may, however, award less than this amount in its discretion.

# THE COURT'S SETTLEMENT HEARING

| 18. | When and where will the Court decide whether to approve the Settlement? |
|-----|-------------------------------------------------------------------------|

The Court will hold a hearing at _____ on _____, 2017 before the Honorable Phyllis J. Hamilton, United States District Judge, at the United States District Court for the Northern District of California, United States Courthouse – Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, CA 94612 (the "Settlement Hearing"). At this hearing the Court will consider whether the Settlement, the Plan of Allocation, and the Fee and Expense Application are fair, reasonable, and adequate. If there are objections, the Court will hear them. Any Class Member who has not previously submitted a request for exclusion from the Class may appear and be heard, to the extent allowed by the Court, to state any objections.

The Court may reschedule the Settlement Hearing at any time, so if you plan to attend or participate, you should check with the Clerk of the Court to know whether there have been any changes of the place, date and time for the hearing. You can also check the Court's calendar on the internet by selecting Judge Phyllis J. Hamilton from the list of judges at www.cand.uscourts.gov.

| **19.** | **Do I have to come to the Settlement Hearing?** |
|---|---|

No. Lead Counsel will answer questions the Judge may have. But you are welcome to come at your own expense, and the Court will give you the opportunity to be heard. If you send a written objection, the Court will consider it. You don't have to come to Court to talk about it. You may also pay your own lawyer to attend, but it's not necessary. Information about sending a written objection is provided below.

If you or your representative intend to appear in person at the Settlement Hearing but have not submitted a written objection postmarked by _____, 2017 (as described in Section 20 below), it is recommended that you give advance notice to Lead Counsel and/or counsel for Defendants of your intention to attend the hearing in order to object and the basis for your objection. You may contact them at the addresses provided in Section 20 below.

# OBJECTING TO THE SETTLEMENT

| **20.** | **How do I tell the Court that I do not like the Settlement?** |
|---|---|

If you are a Class Member and do not exclude yourself, you can object to the Settlement at the Settlement Hearing if you do not like any part of it, including the terms and conditions of the Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel. Please note, however, that the Court can only approve or deny the Settlement; it cannot change the terms of the Settlement.

You can object in one of two ways: either (1) send a written objection, or (2) attend the Settlement Hearing to object in person as described in Sections 18 and 19 above. You do not have to do both. If you do not either send a written objection on time, or attend the Settlement Hearing to tell the Court about your objections, you **cannot** object to the Settlement later. Any objections you might have will be waived.

All written objections must be postmarked no later than _____, 2017, to the Court at the address listed below. The written objection is a statement saying that you object to the Settlement in *In re Rocket Fuel Inc. Securities Litigation*, No. 4:14-cv-03998-PJH (JCS). The objection should include: (a) the full name, address and telephone number of the objecting Class Member, (b) the number of shares of Rocket Fuel common stock the Class Member purchased or sold from September 20, 2013 through November 3, 2014; (c) documentation evidencing your purchases of Rocket Fuel common stock during this time period *such as* account statements, brokerage confirmations, or other similar documentation; (d) the reasons for the objection; (e) copies of any papers and briefs upon which your objections are based; and (f) your signature, even if represented by counsel. The objection should also advise the Court if the objecting Class Member intends to appear at the Settlement Hearing, and if the objecting Class Member intends to appear at the Settlement Hearing through an attorney, the objection should also state the identity of all attorneys who will appear at the Settlement Hearing.

Please send your objections to the Settlement to:

Clerk of the Court
United States District Court
Northern District of California
1301 Clay Street, Suite 400 S
Oakland, CA 94612

You may also file your objection in person at any location of the United States District Court for the Northern District of California.

You do not need to go to the Settlement Hearing to have your written objection considered by the Court. However, if you intend to appear at the Settlement Hearing through an attorney, you will be responsible for paying for your attorney's costs and expenses.

| 21. | **What's the difference between objecting and excluding?** |
| --- | --- |

Objecting is simply telling the Court that you don't like something about the Settlement, the Plan of Allocation, or the Fee and Expense Application. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

If the Court approves the Settlement despite your objections, you are still bound by the Settlement.

# IF YOU DO NOTHING

| 22. | **What happens if I do nothing at all?** |
| --- | --- |

If you do nothing, you will not receive any money from this Settlement, **but the judgment of the Court will still be binding upon you**. You **must file a Proof of Claim and Release** form to be eligible to receive anything from the Settlement. Also, unless you exclude yourself, you will be bound by the judgment and will have released the Released Claims against the Released Persons even if you do not file a Proof of Claim and Release. This means you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the defendants relating to the Released Claims.

# OBTAINING MORE INFORMATION

| 23. | **Are there more details about the Settlement?** |
| --- | --- |

This Notice summarizes the most important aspects of the proposed Settlement, but it is not a complete description of the Settlement. You can get a copy of the Stipulation and Agreement of Settlement by writing to Lead Counsel at the addresses stated in item no. 16 above.

You can also call the Claims Administrator at **866-905-8102**, or contact it by mail or through its website at the address listed below in item no. 24 to find answers to common questions about the Settlement and obtain information about the status of the Settlement approval process.

You can also review a copy of the entire Stipulation and Agreement of Settlement and other documents filed in the Action during normal business hours at the office of the Clerk of the

Court, United States Courthouse, Northern District of California, 1301 Clay Street, Suite 400 S, Oakland, CA 94612 (refer to Case No. 14-03998).

# PLEASE DO NOT CALL THE COURT OR THE CLERK'S OFFICE ABOUT THIS SETTLEMENT.

## SPECIAL NOTICE TO NOMINEES

| 24. | Special Notice to Banks, Trustees, Brokerage Firms or Other Nominees |
|---|---|

Nominees who purchased the common stock of Rocket Fuel for the beneficial interest of other Persons during the Class Period shall, within ten (10) calendar days after receipt of this Notice: (1) provide the Claims Administrator with the names and addresses of such beneficial owners; or (2) forward a copy of this Notice and the Proof of Claim and Release by First-Class Mail to each such beneficial owner and, provide Lead Counsel with written confirmation that the Notice and Proof of Claim and Release have been so forwarded. Upon submission of appropriate documentation to the Claims Administrator, reimbursement of your reasonable costs and expenses of complying with this provision will be paid from the Settlement Fund in accordance with the provisions of the Stipulation, subject to further order of the Court with respect to any dispute concerning such expenses. Additional copies of this Notice may be obtained from the Claims Administrator by writing to:

> Rocket Fuel Securities Litigation
> c/o A.B. Data, Ltd.
> P.O. Box 173033
> Milwaukee, WI 53217
> 866-905-8102
> www.rocketfuelsecuritieslitigation.com

# UNDERSTANDING YOUR PAYMENT - THE PLAN OF ALLOCATION

Please note that the approval of the Settlement is separate from and not conditioned on the Court's approval of the Plan of Allocation.

The Settlement Fund will be used to pay the Class Notice and Administration Expenses, the Taxes and Tax Expenses, the Fee and Expense Award to Lead Counsel (as approved by the Court), and any award to Lead Plaintiffs (as approved by the Court). The balance (the "Net Settlement Fund") shall be distributed to Class Members who submit valid and timely Proof of Claim and Release forms.

The following proposed Plan of Allocation reflects the contention of the Class that because of Defendants' alleged misstatements, the price of Rocket Fuel stock was inflated artificially during the Class Period (September 20, 2013 through August 5, 2014), and that the stock price decreases on May 9, 2014 and August 6, 2014 resulted from disclosures of facts exposing Defendants' prior misstatements and omissions.

The Court has not made any finding that the Defendants are liable to the Class or that the Class has suffered any compensable damages, nor has the Court made any finding as to the measure of damages.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or Company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. A Recognized Loss will be calculated for each share of Rocket Fuel common stock purchased or otherwise acquired during the Class Period (i.e., September 20, 2013 through August 5, 2014, inclusive).[2] The calculation of Recognized Loss will depend upon several factors, including when Rocket Fuel common stock was purchased or otherwise acquired during the Class Period, and in what amounts, and whether such shares were sold, and if sold, when they were sold, and for what amounts. The Recognized Loss is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund to the extent that it is equitably and economically feasible.

The Plan of Allocation was created with the assistance of a consulting damages expert, and reflects the assumption that the price of Rocket Fuel common stock was artificially inflated throughout the Class Period. The calculations made pursuant to the Plan of Allocation are generally based upon the measure of damages set forth in Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission. The estimated alleged artificial inflation in the price of Rocket Fuel common stock is reflected in Table 1 below. The estimated alleged artificial inflation in the price of Rocket Fuel common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and the stock price reaction to the public announcements that allegedly corrected the misrepresentations alleged by Lead Plaintiffs, net of market and industry effects, as well as Company-specific disclosures unrelated to the alleged fraud.

Federal securities laws allow investors to recover for losses caused by disclosures which corrected Defendants' previous alleged misleading statements or omissions. Thus, in order to have been damaged by the alleged violations of the federal securities laws, Rocket Fuel common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which its price declined due to the disclosure of information which corrected an allegedly misleading statement or omission. Lead Plaintiffs and Lead Plaintiffs' Counsel have determined that such price declines occurred on May 9, 2014 and August 6, 2014 (the "Corrective Disclosures"). Accordingly, if Rocket Fuel common stock was sold before May 9, 2014 (the earliest Corrective Disclosure date), the Recognized Loss for such stock is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if Rocket Fuel common stock was both purchased and sold during the period May 9, 2014 through August 5, 2014, inclusive, the Recognized Loss for such stock is $0.00.

The estimated alleged artificial inflation in the price of Rocket Fuel common stock during the Class Period also takes into account the Court's December 23, 2015 Order on Defendants' motions to dismiss the Complaint, which found claims relating to Defendants' statements prior to November 6, 2013 not actionable. Because of the dismissal of these claims, Lead Plaintiffs and Lead Plaintiffs' Counsel have determined that it is unlikely that Lead Plaintiffs could prevail on

---

[2] During the Class Period, Rocket Fuel common stock was listed on the NASDAQ Global Select Market under the ticker symbol "FUEL."

those claims. Accordingly, 5% of the total estimated artificial inflation in Rocket Fuel common stock during the period September 20, 2013 through November 5, 2013, inclusive, is used in Table 1 below to reflect the far lesser likelihood of success on the dismissed claims.

| Table 1 Artificial Inflation in Rocket Fuel Common Stock[3] | | |
|---|---|---|
| **From** | **To** | **Per-Share Price Inflation** |
| September 20, 2013 | November 5, 2013 | $0.18 |
| November 6, 2013 | May 8, 2014 | $3.66 |
| May 9, 2014 | August 5, 2014 | $2.52 |
| August 6, 2014 | Thereafter | $0 |

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss for Rocket Fuel common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Rocket Fuel common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and the average price of Rocket Fuel common stock during the 90-Day Lookback Period. The Recognized Loss on Rocket Fuel common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and the rolling average price of Rocket Fuel common stock during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

**Calculation of Recognized Loss Per Share of Rocket Fuel Common Stock**

For each share of Rocket Fuel common stock purchased or otherwise acquired during the Class Period (*i.e.*, September 20, 2013 through August 5, 2014, inclusive), the Recognized Loss per share shall be calculated as described in what follows. In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.

    i.    For each share of Rocket Fuel common stock that was purchased during the Class Period that was sold prior to May 9, 2014, the Recognized Loss per share is $0.00.

    ii.    For each share of Rocket Fuel common stock that was sold during the period May 9, 2014 through August 5, 2014, inclusive, the Recognized Loss per share is *the lesser of*:

        a.    the amount of per-share price inflation on the date of purchase as appears in Table 1 above, *minus* the amount of per-share price inflation on the date of sale as appears in Table 1 above; or

        b.    the per-share purchase price minus the per-share sale price.

    iii.    For each share of Rocket Fuel common stock that was purchased during the Settlement Class Period that was sold during the period August 6, 2014 through

---

[3] Any transactions in Rocket Fuel common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

November 3, 2014, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss per share is *the lesser of*:

      a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

      b.  the per-share purchase price *minus* the per-share sale price; or

      c.  the per-share purchase price *minus* the "90-Day Lookback Value" on the date of sale provided in Table 2 below.

   iv.  For each share of Rocket Fuel common stock that was purchased during the Class Period and still held as of the close of trading on November 3, 2014, the Recognized Loss per share is *the lesser of*:

      a.  the amount of per-share price inflation on the date of purchase as appears in Table 1 above; or

      b.  the per-share purchase price *minus* the average closing price for Rocket Fuel common stock during the 90-Day Lookback Period, which is $16.05.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 8/6/2014 | $17.05 | 9/5/2014 | $15.68 | 10/6/2014 | $15.71 |
| 8/7/2014 | $16.86 | 9/8/2014 | $15.70 | 10/7/2014 | $15.74 |
| 8/8/2014 | $16.77 | 9/9/2014 | $15.68 | 10/8/2014 | $15.78 |
| 8/11/2014 | $16.74 | 9/10/2014 | $15.64 | 10/9/2014 | $15.82 |
| 8/12/2014 | $16.60 | 9/11/2014 | $15.66 | 10/10/2014 | $15.84 |
| 8/13/2014 | $16.40 | 9/12/2014 | $15.67 | 10/13/2014 | $15.86 |
| 8/14/2014 | $16.29 | 9/15/2014 | $15.69 | 10/14/2014 | $15.87 |
| 8/15/2014 | $16.21 | 9/16/2014 | $15.69 | 10/15/2014 | $15.89 |
| 8/18/2014 | $16.12 | 9/17/2014 | $15.68 | 10/16/2014 | $15.92 |
| 8/19/2014 | $16.02 | 9/18/2014 | $15.67 | 10/17/2014 | $15.94 |
| 8/20/2014 | $15.92 | 9/19/2014 | $15.66 | 10/20/2014 | $15.97 |
| 8/21/2014 | $15.79 | 9/22/2014 | $15.64 | 10/21/2014 | $15.99 |
| 8/22/2014 | $15.70 | 9/23/2014 | $15.62 | 10/22/2014 | $16.01 |
| 8/25/2014 | $15.64 | 9/24/2014 | $15.61 | 10/23/2014 | $16.03 |
| 8/26/2014 | $15.61 | 9/25/2014 | $15.60 | 10/24/2014 | $16.06 |
| 8/27/2014 | $15.61 | 9/26/2014 | $15.60 | 10/27/2014 | $16.07 |
| 8/28/2014 | $15.61 | 9/29/2014 | $15.62 | 10/28/2014 | $16.08 |
| 8/29/2014 | $15.65 | 9/30/2014 | $15.62 | 10/29/2014 | $16.08 |
| 9/2/2014 | $15.69 | 10/1/2014 | $15.63 | 10/30/2014 | $16.07 |
| 9/3/2014 | $15.70 | 10/2/2014 | $15.65 | 10/31/2014 | $16.06 |
| 9/4/2014 | $15.68 | 10/3/2014 | $15.67 | 11/3/2014 | $16.05 |

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement,

and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

The date of purchase or sale is the "contract" or "trade" date as distinguished from the "settlement" date.

Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Rocket Fuel common stock during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Rocket Fuel common stock was originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Rocket Fuel common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Rocket Fuel common stock.

For Class Members who made multiple purchases or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, and sales for purposes of calculating a claim. Under the FIFO method, sales of Rocket Fuel common stock during the Class Period will be matched, in chronological order, first against shares of common stock held at the beginning of the Class Period. The remaining sales of common stock during the Class Period will then be matched, in chronological order, against common stock purchased during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has an opening short position in Rocket Fuel common stock, the earliest Class Period purchases shall be matched against such opening short position and not be entitled to a recovery until that short position is fully covered.

With respect to Rocket Fuel common stock purchased or sold through the exercise of an option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the closing price of Rocket Fuel common stock on the date of exercise of the option. Any Recognized Loss arising from purchases of Rocket Fuel common stock acquired during the Class Period through the exercise of an option on Rocket Fuel common stock[4] shall be computed as provided for other purchases of Rocket Fuel common stock in the Plan of Allocation.

A Claimant's "Recognized Claim" under the Plan of Allocation shall be the sum of his, her or its Recognized Loss amounts.

The Net Settlement Fund will be distributed to Authorized Claimants on a pro rata basis based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which shall be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to such Authorized Claimant.

---

[4] Including (1) purchases of Rocket Fuel common stock as the result of the exercise of a call option, and (2) purchases of Rocket Fuel common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

To the extent a Claimant had a market gain with respect to his, her, or its overall transactions in Rocket Fuel common stock during the Class Period, the value of the Claimant's Recognized Claim shall be zero ($0.00). Such Claimants shall in any event be bound by the Settlement. To the extent that a Claimant suffered an overall market loss with respect to his, her, or its overall transactions in Rocket Fuel common stock during the Class Period, but that market loss was less than the total Recognized Claim calculated above, then the Claimant's Recognized Claim shall be limited to the amount of the actual market loss.

For purposes of determining whether a Claimant had a market gain with respect to his, her, or its overall transactions in Rocket Fuel common stock during the Class Period or suffered a market loss, the Claims Administrator shall determine the difference between (i) the Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7] This difference shall be deemed a Claimant's market gain or loss with respect to his, her, or its overall transactions in Rocket Fuel common stock during the Class Period.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Persons will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the payment of any claim. No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, any claims administrator, or other Person designated by Lead Plaintiffs' counsel, or Defendants or Defendants' counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court.

All Class Members who fail to complete and file a valid and timely Proof of Claim and Release shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator

---

[5] The "Total Purchase Amount" is the total amount the Claimant paid (excluding commissions and other charges) for all Rocket Fuel common stock purchased or acquired during the Class Period.

[6] The Claims Administrator shall match any sales of Rocket Fuel common stock during the Settlement Class Period, first against the Claimant's opening position in Rocket Fuel common stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Rocket Fuel common stock sold during the Class Period shall be the "Total Sales Proceeds."

[7] The Claims Administrator shall ascribe a value of $16.05 per share for Rocket Fuel common stock purchased or acquired during the Class Period and still held as of the close of trading on August 5, 2014 (the "Holding Value").

has made reasonable and diligent efforts to have Class members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after a reasonable time after the initial distribution, will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel as may be approved by the Court; and (c) finally, to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be donated to the Legal Aid Society of San Mateo.

**DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE**

DATED: _____, 2017          BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   NORTHERN DISTRICT OF CALIFORNIA