**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| In re ROCKET FUEL, INC. SECURITIES LITIGATION | Case No. 4:14-CV-03998-PJH (JCS) <br><br> **CONSOLIDATED CLASS ACTION** |
| This Document Relates To: <br><br> ALL ACTIONS | [PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE <br><br> Judge: Hon. Phyllis J. Hamilton <br> Date: October 11, 2017 <br> Time: 9:00 a.m. <br> Courtroom: 3, 3rd Floor |

This matter came before the Court pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Order") dated June 5, 2017, on the application of the parties for approval of the settlement set forth in the Stipulation and Agreement of Settlement dated April 25, 2017 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein. *See Kelly v. Wengler*, 822 F.3d 1085 (9th Cir. 2016).

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all members of the Class.

3. The Court finds that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Class it seeks to represent; (d) Lead Plaintiffs fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies this action as a class action on behalf of a class consisting of all Persons who purchased or otherwise acquired Rocket Fuel common stock between September 20, 2013 to August 5, 2014, inclusive, and were damaged thereby, excluding anyone named as a defendant in this action including the Company, Individual Defendants, Director Defendants, Underwriter Defendants; their respective former and current directors and officers, majority-owned legal affiliates, representatives, controlling persons, predecessors-in-interest, heirs, assigns, and any

1  successors-in-interest; members of the immediate family of any defendant; any entity in which
2  any defendant has a majority interest.  Also excluded from the Class are those Persons who
3  timely and validly request exclusion from the Class Pursuant to the Notice of Pendency and
4  Proposed Settlement of Class Action.  The Class is certified pursuant to Rule 23 of the Federal
5  Rules of Civil Procedure for settlement purposes only.

6       5.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of
7  settlement only, Lead Plaintiffs are certified as class representative and Lead Plaintiffs' selection
8  of Kaplan Fox & Kilsheimer LLP and Kahn Swick & Foti, LLP as Lead Counsel for the Class is
9  approved.

10       6.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby
11  approves the settlement set forth in the Stipulation and finds that said settlement is, in all
12  respects, fair, reasonable and adequate to, and is in the best interests of, the Lead Plaintiffs, the
13  Class and each of the Class Members.  This Court further finds the settlement set forth in the
14  Stipulation is the result of arm's-length negotiations between experienced counsel representing
15  the interests of the Lead Plaintiffs, the Class Members and the Defendants.  Accordingly, the
16  settlement embodied in the Stipulation is hereby approved in all respects and shall be
17  consummated in accordance with its terms and provisions.  The Settling Parties are ordered to
18  comply with the terms of the Stipulation.

19       7.    Pursuant to Federal Rule of Civil Procedure 23, the Court hereby approves the
20  Stipulation and the settlement embodied therein and finds that:

21       (a)    said Stipulation and the settlement embodied therein, are, in all respects,
22  fair, reasonable, and adequate and in the best interest of the Class;

23       (b)    there was no collusion in connection with the Stipulation;

24       (c)    the Stipulation was the product of informed, arm's-length negotiations
25  among competent, able counsel; and

26       (d)    the record is sufficiently developed and complete to have enabled the Lead
27  Plaintiffs and the Defendants to have adequately evaluated and considered their positions.

28

8. Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. Except as to any individual claim of those Persons (identified in Exhibit 1 attached hereto) who have validly and timely requested exclusion from the Class, the Court hereby dismisses the Action and all Released Claims of the Class with prejudice. The Settling Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

9. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs shall, and each of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Member executes and delivers the Proof of Claim and Release form) any and all Released Claims (including, without limitation, Unknown Claims). Claims to enforce the Stipulation or this judgment are not released. The Settling Parties acknowledge and the Class Members shall be deemed by operation of law to acknowledge that the waiver of Unknown Claims, and of the provisions, rights and benefits of Section 1542 of the California Civil Code, was bargained for and is a key element of the settlement of which the release in this paragraph is a part.

10. Upon the Effective Date, and as provided in the Stipulation, Lead Plaintiffs and each of the Class Members and anyone claiming through or on behalf of them, shall be permanently barred and enjoined from (i) the commencement, assertion, institution, maintenance, prosecution, or enforcement against any Released Person of any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or forum of any kind, asserting any of the Released Claims, and/or (ii) appealing any prior rulings in this case, including the dismissal with prejudice of the Underwriter Defendants or the Director Defendants from the case.

11. Upon the Effective Date, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown

1  Claims) arising out of, relating to, or in connection with, the institution, prosecution, settlement, 2 or resolution of the Action or the Released Claims, except for claims relating to the enforcement 3 of the Stipulation or this judgment.

4     12.      The Notice of Pendency and Proposed Settlement of Class Action given to the 5 Class was the best notice practicable under the circumstances, including the individual notice to 6 all members of the Class who could be identified through reasonable effort.  Said notice provided 7 the best notice practicable under the circumstances of those proceedings and of the matters set 8 forth therein, including the Stipulation and the settlement embodied therein, to all Persons 9 entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil 10 Procedure 23 the requirements of due process, and any other applicable law, including the 11 Private Securities Litigation Reform Act of 1995.

12     13.      Any Plan of Allocation submitted by Lead Counsel or any order entered regarding 13 any attorneys' fee and expense application shall in no way disturb or affect this Final Judgment 14 and shall be considered separate from this Final Judgment.

15     14.      Neither the Stipulation nor the settlement contained therein, nor any negotiations, 16 discussions, proceedings or act performed or document executed pursuant to or in furtherance of 17 the Stipulation: (a) is or may be deemed to be or may be used as an admission of, or evidence of, 18 the validity of any Released Claims, or of any wrongdoing or liability of Defendants, Director 19 Defendants, or Underwriter Defendants; or (b) is or may be deemed to be or may be used as an 20 admission of, or evidence of, any fault or omission of any of Defendants, Director Defendants, or 21 Underwriter Defendants in any civil, criminal or administrative proceeding in any court, 22 administrative agency or other tribunal.  The Released Persons, Lead Plaintiffs, Class Members, 23 and Plaintiffs' Counsel may file the Stipulation and/or this Judgment in any action that may be 24 brought against them in order to support a defense or counterclaim based on principles of *res* 25 *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any 26 other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or in 27 connection with any proceeding to enforce the terms of the Stipulation.

28

[Proposed] Final Judgment      - 4 -
No. 14-cv-3998

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this judgment and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, expenses, and interest in the Action; and (d) all parties herein for the purpose of construing, enforcing, and administering the Stipulation. *See Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. In the event that the settlement embodied in the Stipulation does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants' insurers, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

18. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19. The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: October 11, 2017

_____
THE HONORABLE PHYLLIS J. HAMILTON
UNITED STATES DISTRICT JUDGE